# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 17, 2011

Lyle W. Cayce
Clerk

No. 10-50428
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO CASTRO MENDOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-737-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alberto Castro Mendoza appeals the 27-month sentence imposed by the district court following his conviction for transporting illegal aliens for financial gain. He first challenges the district court's determination that because the offense involved between 6 and 24 aliens, a three-level increase in offense level under U.S.S.G. § 2L1.1(b)(2)(A) was warranted. We review the district court's finding for clear error. *See United States v. Rodriguez*, 602 F.3d 346, 362 (5th Cir. 2010). When, as here, the factual finding is based on the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

opportunity to judge the credibility of a witness, this court will find clear error only if it is left with the definite and firm conviction that a mistake has been committed. *See United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).

The district court's determination that Mendoza transported 10 aliens in his pickup truck was based on a credibility finding in favor of the material witness over that of Mendoza. Because Mendoza has not shown that a mistake was committed, no clear error has been shown. *See Trujillo*, 502 F.3d at 356.

Mendoza also challenges the district court's application of § 2L1.1(b)(6), which states that: "If the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person, increase by 2 levels, but if the resulting offense level is less than level 18, increase to level 18." The court's interpretation of § 2L1.1(b)(6) is reviewed de novo and its factual findings are reviewed for clear error. *See United States v. Solis-Garcia*, 420 F.3d 511, 514 (5th Cir. 2005).

In *United States Cuyler*, 298 F.3d 387, 391 (5th Cir. 2002), this court determined that a defendant who transported four aliens in the bed of a pickup truck created a substantial risk of death or serious bodily injury. The court reasoned that unsecured aliens riding in the bed of a pickup could easily be injured in the event of "an accident or other driving maneuver of the sort that is unavoidable in highway driving." *Id.* Mendoza has not shown his case to be distinguishable from *Cuyler*. Although Mendoza traveled only a short distance with the unsecured aliens, the potential for an accident still existed. Accordingly, the district court did not err in determining that Mendoza's conduct created a substantial risk of death or serious bodily injury. *See Cuyler*, 298 F.3d at 391.

AFFIRMED.